IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN

| | |
|---|---|
| JIMMY PORTO,<br><br>        Plaintiff,<br><br>v.<br><br>RENTGROW, INC.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Jimmy Porto ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Rentgrow, Inc. ("Rentgrow") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant Rentgrow has produced and sold consumer reports concerning Plaintiff's background that wrongfully and misleadingly reported Plaintiff's son's eviction on his report as attributable to him.

6. As a result of Rentgrow's wrongful reporting, Plaintiff was damaged by, without limitation, loss of housing, suffering harm to his housing qualifications, wasted time, and considerable stress and anguish.

**PARTIES**

7. Plaintiff is a natural person and resident of New Haven County, State of Connecticut, and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Rentgrow, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant Rentgrow is a Delaware corporation that maintains its primary place of business at 400 Fifth Avenue, Suite 120, Waltham, MA 02451.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Connecticut, and violated Plaintiff's rights under the FCRA in the State of Connecticut as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Sometime before September 10, 2023, Plaintiff, who does not currently have secure housing, applied for new housing Kenneth Gardens Associates, LLC.

12. In this application, Plaintiff agreed that a consumer background report regarding herself could be procured from Defendant Rentgrow.

13. To Plaintiff's shock, he was informed that she was being denied her housing due to the results of the consumer background report prepared by Defendant.

14. The report provided by Defendant, dated March 22, 2024 , indicated "Application Result: REJECT" and that the "Reasons for Result" identified "Civil Court History Does Not Meet Property Requirements."

15. When Plaintiff reviewed the civil records section of the report procured from Defendant, he was shocked to see a civil eviction proceeding from the Civil Court of the City of New York, Queens Branch 1, Case No. LT07476618QU from 2019 being reported with a judgment against him.

16. Plaintiff was confused and frustrated at this patently inaccurate reporting, because this civil case was not associated with him, but rather with his son Jimmy Porto Jr.

17. Accordingly, Plaintiff disputed this inaccuracy with Defendant. On or about April 15, 2024, Defendant furnished an updated report removing the inaccurate eviction. However, this caused Plaintiff a delay in obtaining housing for approximately 6 weeks.

18. As a direct result of Defendant's inaccurate and misleading reporting, Plaintiff has been damaged.

19. Because of the inaccurate information provided to Plaintiff's prospective landlord by Defendant, Plaintiff's was denied housing and delayed 6 weeks.

20. As a direct result, Plaintiff has suffered distress and mental anguish, largely due to the frustration in losing this needed and affordable housing option and causing significant fear that such inaccurate information would continue to preclude him from being to able to obtain a home, as well as the defamatory harm of being portrayed as a someone subject to an eviction when that had not been the case.

21. It is patently inaccurate and/or materially misleading to report Plaintiff's a civil eviction that is not attributable to Plaintiff.

22. Upon information and belief, had Defendant not erroneously, inaccurately and misleadingly reported Plaintiff's civil eviction history on his background report, Plaintiff would not have been denied and delayed housing.

23. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

24. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting to-the-day current information is more costly than reporting outdated information on a consumer report.

25. For example, upon information and belief, Defendant allowed erroneous civil eviction information to appear on Plaintiff's consumer report, without first confirming the accuracy with the appropriate public records, which are readily and publicly available.

26. Defendant regularly seeks out and procures civil eviction history information with the intention of including it in the consumer reports it sells for profit.

27. Defendant knows or has reason to know the effect inaccurate civil eviction history has on a consumer's ability to gain housing.

28. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own tenant screening products.

29. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

30. Defendant, a sophisticated tenant screening consumer reporting agency, is aware that civil eviction history information is often inaccurate or incomplete.

31. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile driver data from various online sources without verifying its accuracy with actual state records.

32. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

33. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

34. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

35. Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

36. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

37. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

38. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

39. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

40. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

41. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

42. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

43. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

44. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

45. Defendant knows that its services are used to make significant consumer decisions.

46. Upon information and belief, Defendant know or should have known that landlords make decisions on tenant status based solely on the information contained in its consumer reports.

47. Upon information and belief, Defendant knew or should have known the negative impact that reporting an inaccurate and/or misleading civil eviction history was likely to have on that consumer's tenant status.

48. Upon information and belief, Defendant purchases public record information from third-party vendors.

49. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

50. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

51. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

52. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

53. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

54. As a direct result of Defendant's conduct, Plaintiff was denied and delayed housing.

55. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: housing denial, wasted time, defamation of his character, financial insecurity and emotional distress, including but not limited to, humiliation, embarrassment, stress, frustration, and mental anguish.

56. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

57. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1781o.

58. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

59. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

60. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible**

> *accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

61. Rentgrow violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

62. Specifically, Rentgrow willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff's civil eviction history including a record that is not attributable to him.

63. Rentgrow's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

64. Rentgrow is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

65. As a result of Rentgrow's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: May 1, 2024

                        By:    /s/ Yitzchak Zelman
                              MARCUS & ZELMAN, LLC
                              701 Cookman Avenue, Suite 300
                              Asbury Park, New Jersey 07712
                              (732) 695-3282 telephone
                              (732) 298-6256 facsimile
                              yzelman@marcuszelman.com
                              *Attorney for Plaintiff*